HARRIS, C.M., Senior Judge.
In a prior dissolution action, the former wife, defendant below, was given primary custody of the children subject to specifically scheduled visitation for the father. Defendant was to deliver the children to the father at a particular CVS pharmacy, but when she did not deliver the children for an extended period of time the father petitioned for contempt and enforcement of the court visitation order, and the trial court issued an order to show cause why the defendant should not be held in indirect criminal contempt for ignoring the court order.
At the contempt hearing, the father testified that he appeared at the CVS pharmacy to exchange the children on several *731 occasions but the defendant did not appear. The father offered CVS date and time-stamped receipts to prove he was at the store at the appropriate time. The admission of these receipts was objected to by the defendant. Even though the court found that the receipts were not authenticated as business records, they were admitted into evidence. In her testimony, the defendant admitted she did not deliver the children to the father at the CVS pharmacy on the dates reflected in the receipts. The court found that defendant violated the court order and immediately proceeded to sentencing. The court withheld adjudication but placed defendant on six months of supervised probation and imposed a fine and court costs.
The first issue on appeal is whether the court erred in not providing defendant an opportunity, prior to sentencing, to present mitigating evidence. The State concedes error and the matter must be reversed for resentencing. As to the second assigned error-that the court should not have admitted the receipts into evidence-the State again concedes error but urges such error to be harmless. We agree. Because the defendant admitted that she did not deliver the children on those specific occasions, the fact that the receipts show the father was at the pharmacy awaiting his children’s arrival is harmless.
The conviction is AFFIRMED; the sentence is REVERSED and the action is REMANDED for resentencing.
AFFIRMED IN PART, REVERSED IN PART, REMANDED.
GRIFFIN and TORPY, JJ., concur.